S. N. Owen and Powell, Ricketts & Black, for plaintiff in error.

Holmes & Huling, for defendants in error.

---

# TAXATION.                                                            503

[Hamilton Circuit Court, January Term, 1893.]

Smith and Swing, JJ.   (Cox, J., not sitting.)

† ALEXANDER McDONALD v. JOHN HAGGERTY, AUDITOR.

1. **SHARES IN ILLEGAL CORPORATION NOT TAXABLE.**

Shares in the Standard Oil Trust, which trust was by our supreme court declared to be against public policy and void, are not taxable as such. A certificate of stock, void as to all other purposes, is not valid for purposes of taxation.

2. **TAXING EQUITABLE INTERESTS.**

Whether any equitable interest may be taxed in Ohio, not decided.

Appeal from the Court of Common Pleas of Hamilton county.

SWING, J.

This cause is here on appeal, and was tried on the second amended petition of the plaintiff, the material averments of which are substantially these:

Plaintiff is a resident of Hamilton county. Defendant is the auditor of said county. Plaintiff is the owner of 225 shares in what was formerly known as the Standard Oil Trust, each share being of the nominal value of $100. Said shares purport to represent an equit-

† This judgment was affirmed by the supreme court, on authority of this opinion. 51 O. S., 588.

able interest in certain personal property which is located in the state of New York—an equitable interest in certain shares of stock held and owned by trustees in the state of New York, known as trustees of the Standard Oil Trust. The said trustees are nine in number, and are citizens of the state of New York, in which state their principal office and place of business is located, and hold and own corporate shares of a number of corporations of that state and other states, including the state of Ohio. The legal title to said shares was transferred to and is held by the said trustees, not for the purpose of affecting their taxability, but for legitimate and necessary business purposes, and they are the legal owners and holders thereof. Said shares are without value, and are absolutely null and void.

That said auditor has threatened to place said shares upon the tax duplicate of said county at a valuation of $35,000, alleging that said interest of the plaintiff represented by them is taxable under the laws of the state of Ohio, whereas in truth said shares are not taxable.

Wherefore plaintiff prays that said defendant may be restrained from charging said plain ·tiff with said shares on said tax duplicate.

An answer was filed to this amended petition, and issues joined.

The case was heard upon evidence, which evidence was to the effect that said Standard Oil Trust was constituted substantially as claimed in the petition, and as more fully shown in the case of Ohio v. Standard Oil Trust, 49 O. S., 137.

After this decision by our supreme court said trust proceeded to wind up its affairs as said trust, and organized a corporation under the laws of the state of New Jersey, the owners of shares in the trust being granted shares of stock in the corporation.

Plaintiff has never received any shares of stock in the corporation, and he is not now in possession of his shares in the trust, the same having been pledged as collateral for a loan.

Plaintiff testified that before the decision in the above case, which case decided that the Trust was against public policy, and therefore void, that said shares were of the value of $35,000, but that now they were of no value whatever.

No evidence was introduced as to the value of the stock of the said corporation, but probably that is in no wise material, as plaintiff is not the owner of any of its stock.

The petition alleges that the plaintiff was by virtue of his ownership of said trust certificates the owner of certain equitable interests, but that said shares in said Trust are of no value and void.

Whether or not we might find that plaintiff was liable to be taxed for the value of these equitable interests, and to what extent, upon proper pleadings and upon pertinent testimony, we think it unnecessary to determine in this action. For, as we regard the trial, it was confined to the issue whether these trust certificates as such were taxable or not. And if they were taxable, they were of the value of $35,000. And while this petition refers to equitable interests, and the evidence shows that said Trust was made up of a large amount of assets in corporations and companies, still there was no proof approximating anything which would give us any idea as to the value of these equities or of their exact nature. If these equities consisted wholly of real property, they would not be taxable whether the land was in Ohio or in a foreign state.

Whether or not any equitable interest may be taxed in Ohio we deem it unnecessary to decide at the prsent time, as we could give it no practical application to the proof in this case, for it might be that certain equitable interests might be taxed and others not, and not knowing just what these interests are we could not say what were taxable and what not; but as I have said, the whole controversy at the trial was as to whether these trust certificates were taxable. We think they were not.

Our Supreme Court has decided in the case above referred to (State v. Standard Oil Co., 49 Ohio Stat., 137), that said Trust was against public policy and therefore void.

Its organization was therefore unlawful. Its certificates were therefore of no validity as such. Its actions would not be upheld in our courts, and its contracts would not be enforced. The whole thing was repugnant to our laws, and could receive no consideration or support from our courts. It would seem strange indeed, that a certificate which was void to all other purposes would still be valid as to taxable purposes. This cannot be. If a note or mortgage, or certificate of stock is void, it cannot be taxable as such.

This trust, as such, being declared void, the trust certificates, that which represents its component parts, cannot be valid.

It does not follow that because the trust certificates are void that the owners of them have no property rights in the assets which are held by the trustees of the trust. In our judgment the holders of the trust certificates are the equitable owners of these assets, but we cannot, from the proof before us, determine what the value of this to plaintiff is, and whether any or all of them should be chargeable on the tax duplicate against him. But we are clearly of the opinion that the trust certificates which at one time were considered of a value of $35,000, but which in fact were of no value, should not be charged on the tax duplicate as such against him.

An injunction will therefore be granted restraining the auditor from placing said amount of $35,000 on the tax duplicate as prayed for.

Gerard, Lampe & Stallo and Ramsey, Maxwell & Ramsey, for plaintiff.

Spiegel, Bromwell & Foraker, County Solicitors, and Wm. L. Avery, for defendant.